IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEONARD GULBRONSON,

    Plaintiff,

v.                                                              CASE NO. 1:19-cv-156-AW-GRJ

CLINT ANDERSON, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendants' Motion to Dismiss. ECF No. 16. Plaintiff, an inmate confined at the Okaloosa Work Camp in Crestview, Fla., proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on August 8, 2019,[1] for allegedly unlawful use of force by Defendants during Plaintiff's arrest in Levy County, Fla., on August 23, 2017. ECF No. 1. Plaintiff later filed his First Amended Complaint, ECF No. 9, which was served on Defendant, ECF No. 12.

On December 20, 2019, Defendants filed the instant motion, seeking "to dismiss all of [Plaintiff's] claims alleged in the [F]irst [A]mended

---

[1] The "mailbox rule" applies to Plaintiff's filings because he is incarcerated and proceeding *pro se*. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).

[C]omplaint … other than the Fourth Amendment excessive force claim." ECF No. 16. After some delay, which the Court has excused, Plaintiff filed a response in opposition to Defendants' motion. ECF No. 29. The motion, therefore, is ripe of the Court's consideration. For the reasons discussed below, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss should be **GRANTED**.

## I. BACKGROUND[2]

On August 23, 2017, Plaintiff was at his home in Chiefland, Fla., when he heard banging on his front door and voices from outside. ECF No. 9 at 5. Out of fear, Plaintiff and his girlfriend hid in a hallway closet. *Id.* Unidentified law enforcement officers proceeded to kick in the door, identified themselves as officers, and yelled for anyone in the house to come out with their hands up. *Id.* Plaintiff and his girlfriend immediately left the closet with their hands in the air. *Id.*

Levy County Sheriff's Office Deputy James "Jimmy" Anderson directed Plaintiff's girlfriend to the living room, grabbed Plaintiff's wrists (while Plaintiff's hands were still in the air), and "slung him to the ground on

---

[2] As required when resolving a motion to dismiss, the Court accepts the facts alleged in the First Amended Complaint as true, construes those facts in the light most favorable to Plaintiff, and limits its consideration to the pleadings and exhibits attached thereto. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

his stomach." ECF No. 9 at 5.  While on the ground, Plaintiff saw Gilchrist County Sheriff's Office Detective Clint Anderson, Deputy Anderson's brother, standing by the entrance to the living room and pointing his pistol at Plaintiff.  *Id.*  As Plaintiff was lying on his stomach and secured in handcuffs, Deputy Anderson moved from Plaintiff's back and let his brother "straddle over Plaintiff." *Id.* at 5–6.  Detective Anderson, still holding his pistol, grabbed Plaintiff's hair, pulled Plaintiff's head back, and "jammed his service pistol into Plaintiff's temple." *Id.* at 6.  Detective Anderson yelled threats at Plaintiff, including: (1) "Mother fucker, how do you like it now?"; (2) "Want me to put a bullet in your head so you'll know it feels?"; and (3) "I'll blow your fucking head off, mother fucker!"  *Id.*  Detective Anderson released his grip on Plaintiff's hair and contemporaneously struck Plaintiff's head with his pistol causing Plaintiff to lose consciousness.  *Id.*

When Plaintiff woke up, Detective Anderson and Deputy Anderson were "spreading open" Plaintiff's head wound and taking photos of the wound with their cell phones.  ECF No. 9 at 6.  Plaintiff saw blood and bloodied towels on the floor and heard an ambulance siren.  *Id.*  Plaintiff was escorted to an ambulance and transported to Williston General Hospital.  *Id.*  Plaintiff "received staples in his head" at the hospital.  *Id.*

3

Finally, Plaintiff was taken to the Levy County Jail for booking before the Gilchrist County Sheriff's Office "picked him up."  *Id.*

## II.  THE FIRST AMENDED COMPLAINT AND DEFENDANTS' MOTION

Plaintiff alleges two "claims" in his First Amended Complaint.  ECF No. 9 at 8–14.  In "Claim One," Plaintiff alleges that Detective Anderson, "while acting under color of state law, used excessive force and assault and battery upon Plaintiff and caused the wanton infliction of pain and harm[.]"  *Id.* at 8.  Indeed, the thrust of "Claim One" is the purported excessive force by Detective Anderson, but Plaintiff references the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  *Id.* at 10–11.  Plaintiff asserts that Detective Anderson violated the due process clauses of the Fifth and Fourteenth Amendments because Plaintiff was a pretrial detainee.  *Id.* at 11.  Moreover, Plaintiff states that Detective Anderson's actions caused him physical injuries, including a head wound, permanent headaches, blurred vision, memory loss, and four loose teeth.  *Id.* at 9, 12.

In "Claim Two," Plaintiff alleges that Deputy Anderson did not prevent Detective Anderson from interfering with Plaintiff's arrest, which he claims was outside of Detective Anderson's jurisdiction of Gilchrist County, and failed to stop Detective Anderson from using excessive force.  ECF No. 9 at

4

13.  Plaintiff claims that Deputy Anderson's actions violated "his due process rights to be free from excessive force and assault and battery," and refers to Deputy Anderson's "failure to intervene." *Id.* at 13–14.

In the instant motion, Defendants argue that Plaintiff's claims against them for excessive force and failure to intervene "must be analyzed under the Fourth Amendment and its objective reasonableness standard." ECF No. 16 at 1.  Defendants, accordingly, move to dismiss Plaintiff's other constitutional clams under the Fifth, Eighth, and Fourteenth Amendments pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 3–6. Defendants assert: (1) the Fifth Amendment Due Process Clause does not apply to state actors; (2) the Eighth Amendment prohibition on cruel and unusual punishment does not apply to excessive force used prior to conviction; and (3) Plaintiff fails to state a substantive or procedural due process claim under the Fourteenth Amendment Due Process Clause. *Id.*

Plaintiff argues in response that he states a cognizable Fourteenth Amendment due process claim because he was "the victim of excessive force after he was handcuffed behind his back and lying on his stomach on the floor" and, therefore, "in custody." ECF No. 23 at 1–3.  Plaintiff also states that he has alleged a "federal claim of assault and battery[,]" which,

5

he says, implicates the protections of the Fourth, Fifth,[3] and Fourteenth Amendments. *Id.* at 4.[4]

### III.  LEGAL STANDARD

To properly plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Determining whether a complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support her claims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic

---

[3] Plaintiff, notably, does not refute Defendants' objections to his Fifth Amendment claims. As to his Eighth Amendment claims, Plaintiff concedes they must be dismissed because he was (obviously) not convicted at the time of his 2017 arrest.

[4] Plaintiff also argues that Defendants are not entitled to qualified immunity for their alleged actions.  ECF No. 23 at 4–5.  Defendants, however, have not asserted the defense at this juncture; they only mention it by name in their general denials at the beginning of that instant motion.  ECF No. 16.  The Court declines to address qualified immunity where it has not been advanced by the defendant.  *See Skrtich v. Thornton,* 280 F.3d 1295, 1306 (11th Cir. 2002) (holding qualified immunity is an affirmative defense that must be pled or else it is deemed waived).

recitation of the elements of a constitutional … claim" are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681–84 (2009).  To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."  *Id.* at 680.  "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  In other words, "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  The Court will not penalize a *pro se* litigant for "linguistic imprecision."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## IV.  DISCUSSION

This case stems from Plaintiff's 2017 arrest.  Plaintiff alleges that Detective Anderson is liable for using excessive force and Deputy Anderson is liable for failing to intervene.  Although Plaintiff raises various constitutional and tort claims, they are legally inapt.  As explained below, this case is governed by the Fourth Amendment, and Defendants' motion to dismiss is due to **GRANTED**.

First, the Court concludes, easily, that Plaintiff cannot state Fifth or Eighth Amendment claims against Defendants.  It is axiomatic that the Fifth Amendment Due Process Clause is inapplicable where, as here, the defendants are state, not federal, actors.[5]  And, as Plaintiff concedes, Plaintiff cannot rely on the Eighth Amendment because the alleged force occurred prior to his conviction.[6]  These claims, therefore, are due to be dismissed.

Plaintiff's Fourteenth Amendment due process claims do not fare any better.  A *pretrial detainee* may state a substantive due process claim under the Fourteenth Amendment for the use of excessive force when the force is so egregious that it shocks the conscience.  *Cockrell v. Sparks*, 510

---

[5] *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1362–63 (S.D. Fla. 2016) ("Plaintiff cannot state a claim for violation of his Fifth Amendment rights, as it is well-settled that the Fifth Amendment, which protects individuals from being 'deprived of life, liberty, or property, without due process of law,' applies only to federal, and not state, actors." (citing *Jordan v. Mosley*, 298 F. App'x 803, 806 n.5 (11th Cir. 2008))).

[6] *See United States v. Myers*, 972 F.2d 1566, 1571 (11th Cir. 1992) ("It is beyond cavil that the Eighth Amendment applies only after a prisoner is convicted." (citing *Graham v. Connor*, 490 U.S. 386 (1989))); *see also Williams v. Bauer*, 503 F. App'x 858, 859 n.2 (11th Cir. 2013) ("Although [the plaintiff] asserted his excessive force claim under the Eighth Amendment, the district court properly construed his complaint to fall under the Fourth Amendment because '[t]he Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest.'" (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002))).

F.3d 1307, 1311 (11th Cir. 2007); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). Plaintiff argues that he was a pretrial detainee when he was attacked by Detective Anderson because he was handcuffed and lying on his stomach. *See* ECF No. 23 at 1–3.[7] This argument is unavailing.

"[*A*]*ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest … should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). Although "the line is not always clear as to when an arrest ends and pretrial detainment begins[,]" *Garrett v. Athens-Clarke Cty., Ga.*, 378 F.3d 1274, 1279 n.11 (11th Cir. 2004), it is plain here. Plaintiff's Fourth Amendment protections applied, at least, for the duration of the time he was in the custody of his arresting officers (Defendants Detective Anderson and Deputy Anderson) at the scene of his arrest irrespective of whether the process of formally

---

[7] The Court agrees with Defendants that Plaintiff's First Amended Complaint, liberally read, does not state any additional substantive or procedural due process claims. In his response to Defendants' motion to dismiss, Plaintiff makes a fleeting reference to his "equal protection rights … not to be the victim of excessive force during or arrest[.]" ECF No. 23 at 3. Plaintiff, however, "may not amend his complaint [to attempt to add an equal protection claim] via his response to a motion to dismiss." *Teal v. Spears*, No. 4:12-cv-456-RH-CAS, 2014 WL 116584, at *5 (N.D. Fla. Jan. 13, 2014); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993) ("[T]he court limits its consideration to the pleadings and exhibits attached thereto.").

restraining him was complete.[8]  In short, Plaintiff was not a pretrial detainee merely because he was handcuffed when he was attacked, and, therefore, his Fourteenth Amendment due process claims must fail.

Lastly, Plaintiff states in his response to the instant motion that he has alleged a "federal claim of assault and battery."  ECF No. 23 at 4.  Assuming *dubitante* that Plaintiff pleads assault and battery as independent causes of action in the First Amended Complaint,[9] he has not demonstrated they are supported by federal law. *Henderson v. Williams*,

---

[8] *See Fontana v. Haskin*, 262 F.3d 871, 879 (9th Cir. 2001) ("[T]he Fourth Amendment prohibition against unreasonable search and seizure continues to apply after an arrestee is in the custody of the arresting officers."); *Gutierrez v. City of San Antonio*, 139 F.3d 441, 454 (5th Cir. 1998) ("[T]he Fifth or Fourteenth Amendments begin to protect persons *after* the incidents of arrest are completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time." (emphasis in original)); *Powell v. Gardner*, 891 F.2d 1039, 1044 (2d Cir. 1989) ("We think the Fourth Amendment standard probably should be applied at least to the period prior to the time when the person arrested is arraigned or formally charged, and remains in the custody (sole or joint) of the arresting officer."); *McDowell v. Rogers*, 863 F.2d 1302, 1306 (6th Cir. 1988) ("[T]he seizure that occurs when a person is arrested continues throughout the time the person remains in the custody of the arresting officers."); *Massie v. Cobb Cty., Ga.*, 255 F. Supp. 3d 1302, 1308 (N.D. Ga. 2017) (granting summary judgment in favor of the defendant on the plaintiff's Fourteenth Amendment due process claim for excessive force where the plaintiff was allegedly thrown to the ground by an arresting officer after being placed under arrest and handcuffed); *Calhoun v. Thomas*, 360 F. Supp. 2d 1264, 1274 (M.D. Ala. 2005) ("[T]he Eleventh Circuit's own case law, in addition to the case law of a number of other circuits and the Supreme Court, suggests that an analysis under the Fourth Amendment is appropriate, if not required, in post-seizure, pre-detention allegations of excessive force such as Calhoun's.").

[9] A court does not have "license to … to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds*, *Iqbal*, 556 U.S. 678.

10

No. 3:10-cv-1621 (JCH), 2013 WL 1984545, at *3 n.3 (D. Conn. May 13, 2013).  They are, instead, best construed as part of his Fourth Amendment excessive force claims.  Any "federal claim of assault and battery" should be dismissed.

To be clear, Plaintiff is not entirely without recourse against Defendants.  He may proceed with discovery on his Fourth Amendment excessive force claims, which were not the subject of Defendants' motion to dismiss.  ECF No. 16 at 1.

## V.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendants' Motion to Dismiss, ECF No. 16, should be **GRANTED**.

2. Plaintiff's Fifth Amendment, Eighth Amendment, Fourteenth Amendment, and federal assault and battery claims should be **DISMISSED**.

**IN CHAMBERS** this 27th day of March 2020.

_s/ Gary R. Jones_
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic</u>**

11

**docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.