# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**LEONARD GULBRONSON,**

    **Plaintiff,**

**v.**                                                        **Case No. 1:19-cv-156-AW-GRJ**

**CLINT ANDERSON, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Leonard Gulbronson, proceeding pro se, has asserted claims against James and Clint Anderson, two law enforcement officers who are brothers. Gulbronson claims excessive force; he contends that Clint[1] struck him in the head with a pistol during an arrest. James has moved for summary judgment (ECF No. 71), and Gulbronson has responded (ECF No. 75). James did not file a reply.

The magistrate judge has filed a report and recommendation, concluding the motion should be denied. ECF No. 76. James has not filed any objection to the report and recommendation. Having carefully considered the matter, I agree with the magistrate judge. The motion will be denied.

James contends there was no constitutional violation and, if there were, he is still entitled to qualified immunity. The thrust of his argument is that he used no

---

[1] For simplicity, this order will refer to the brothers by their first names.

1

force against Gulbronson. But the claim is not that James himself used force; the claim is that James did not intervene when his brother Clint did.

"[A]n officer who is present at such a beating and fails to intervene may be held liable though he administered no blow." *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1342 (11th Cir. 2007). It is true that this is so only when "the non-intervening officer was in a position to intervene yet failed to do so." *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008). But the summary judgment record—viewed in a light most favorable to Gulbronson—shows that was the case. Clint's behavior before he struck Gulbronson was such that a reasonable jury could conclude James had adequate warning that a blow was coming and that James could have intervened.

The report and recommendation, ECF No. 76, is adopted and incorporated by reference in this Order. The summary judgment motion (ECF No. 71) is DENIED. The magistrate judge will set the matter for trial and conduct further appropriate proceedings.

SO ORDERED on June 19, 2021.

s/ *Allen Winsor*  
United States District Judge